# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LES'RIELLE ALLEN | CIVIL ACTION |
| VERSUS | NO. 19-682 |
| UNITED STATES OF AMERICA, ET AL. | SECTION: G (1) |

## ORDER

Pending before the Court is Defendant United States of America's ("United States") motion to dismiss, brought on behalf of all named Defendants.[1] This case arises out of an automobile accident.[2] Plaintiff Les'Rielle Allen alleges that the accident was the fault of Defendant Blaine Wilson ("Wilson"), who was driving a vehicle owned by the United States and/or other Defendants, the General Services Administration ("GSA") and the U.S. Department of Veterans Affairs ("DVA").[3] In the instant motion, the United States argues that the Court should dismiss this action pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, as Plaintiff has not brought claims against the proper Defendants or exhausted her administrative remedies.[4] Having considered the motion, the memorandum in support, the record, and applicable law, the Court grants the motion.

---

[1] Rec. Doc. 8.

[2] Rec. Doc. 1 at 2–3.

[3] *Id.* at 4.

[4] Rec. Doc. 8.

1

## I. Background

### A. Factual Background

Plaintiff alleges that on February 1, 2018 she was driving her vehicle in Orleans Parish when she was struck by another vehicle operated by Wilson.[5] Plaintiff alleges that Wilson's vehicle was owned by the United States, and/or the GSA, and/or the DVA.[6] Plaintiff alleges that the accident was a result of Wilson's negligence and the negligence of other named Defendants.[7] Plaintiff seeks damages for medical expenses related to her physical injuries sustained in the accident, as well as pain and suffering and mental anguish.[8] Plaintiff alleges that she is entitled to relief pursuant to the Federal Tort Claims Act[9] and Article 2315, *et seq.* of the Louisiana Civil Code.[10]

### B. Procedural Background

On January 30, 2019, Plaintiff filed the complaint.[11] On July 16, 2019, Defendants filed the instant motion to dismiss, alleging that the Court had no subject matter jurisdiction over the lawsuit because Plaintiff failed to exhaust her administrative remedies before filing as required by the Federal Torts Claim Act ("FTCA").[12] The instant motion was set for submission on July 31,

---

[5] Rec. Doc. 1 at 2–3.

[6] Rec. Doc. 1 at 2–3.

[7] *Id.* at 3–4.

[8] *Id.* at 4.

[9] 28 U.S.C. § 2671, *et seq.*

[10] *Id.* at 2.

[11] Rec. Doc. 1.

[12] Rec. Doc. 8; Rec. Doc. 8-1.

2019.¹³ Pursuant to Local Rule 7.5, any opposition to a motion must be filed eight days before the noticed submission date. Plaintiff has filed no opposition, timely or otherwise, and therefore the Court deems this motion unopposed. District courts may grant an unopposed motion, if the motion has merit.¹⁴

## II. Parties' Arguments

### A. *The United States' Arguments in Support of Motion to Dismiss*

The United States argues that Plaintiff's claims should be dismissed as the Court does not have subject-matter jurisdiction over the claims.¹⁵ First, the United States argues that the claims against Wilson and the DVA should be dismissed.¹⁶ The United States argues that the FTCA provides that a suit against the United States shall be the exclusive remedy for "persons with claims for damages resulting from the actions of federal employees taken within the scope of their office or employment."¹⁷ Further, the United States argues that Section 6 of the Federal Employees Liability Reform and Tort Compensation Act provides that upon certification by the Attorney General that a federal employee was acting within the scope of his office or employment at the time of the incident out of which a state-law claim arises, any civil action arising out of the incident shall be deemed an action against the United States, and the United States shall be substituted as sole defendant with respect to those claims.¹⁸ The United States argues that certification authority

---

¹³ *Id.*

¹⁴ *See Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001); *John v. State of La. (Bd. Of Trustees for State Colleges and Universities)*, 757 F.2d 698, 709 (5th Cir. 1985).

¹⁵ Rec. Doc. 8-1 at 2.

¹⁶ *Id.* at 3.

¹⁷ *Id.* (citing 28 U.S.C. § 2679(b)(1)).

¹⁸ *Id.* (citing 28 U.S.C. § 2679(d)(1), (2)).

has been delegated to the United States Attorney for this district and further to the United States Attorney's civil Division Chief, Peter Mansfield ("Mansfield").[19]

The United States claims that Mansfield certified that at the time of the accident, Wilson was acting within the scope of his employment and federal duties with the DVA.[20] Therefore, the United States argues that Plaintiff's claims in this matter properly lie against the United States and not Wilson, an employee acting within the scope of his duties when the accident at issue occurred.[21] The United States further contends that the claims against the DVA must be dismissed, as the only appropriate defendant for claims under the FTCA is the United States, and not any individual agency.[22]

Second, the United States argues that Plaintiff's claims against all Defendants must be dismissed for lack of subject matter jurisdiction because Plaintiff failed to exhaust her administrative remedies before filing suit.[23] The United States notes that as a sovereign, it is immune from suit except in the manner and degree by which sovereign immunity is waived.[24] The United States argues that when it waives its sovereign immunity, it may define the exact conditions under which it will waive immunity and consent to be sued, and a court's subject matter jurisdiction over claims against the United States is narrowly defined by that waiver.[25] Defendants assert that the FTCA is a partial waiver of the sovereign immunity of the United States from tort

---

[19] *Id.* (citing 28 C.F.R. § 15.4 (1990); Justice Manual § 4-5.630).

[20] *Id.* (citing Rec. Doc. 8-6).

[21] *Id.* at 3.

[22] *Id.* at 3–4.

[23] *Id.* at 4.

[24] *Id.* (citing *United States v. Testan*, 42 U.S. 392, 399 (1976)).

[25] *Id.* (citing *Testan*, 42 U.S. at 399).

suits,[26] and specifically suits for damages arising out of the tortious conduct of a federal employee acting within the scope of his employment.[27] However, the United States claims that the FTCA bars suits against the United States unless an administrative claim is first presented to the appropriate federal agency within two years after the claims accrues.[28]

Here, the United States contends that Plaintiff cannot proceed with a lawsuit under the FTCA until the DVA denies her claim or the agency fails to make a final disposition within six months of the claim's filing.[29] The United States asserts that Plaintiff filed an administrative claim with the DVA on January 28, 2019 and then filed this lawsuit on January 30, 2019.[30] Defendants argue that Plaintiff did not wait six months and no final decision was reached before filing this claim, thus Plaintiff has not exhausted her administrative remedies as required by the FTCA and her complaint should be dismissed for lack of subject matter jurisdiction.[31]

Finally, the United States contends that if Plaintiff's administrative claim with the DVA ultimately is denied, she must file a new lawsuit against the United States rather than amending the instant case.[32] The United States cites case law from this District to support the proposition that "amending the complaint to allege facts which arose after the filing of the original complaint cannot confer jurisdiction on the court when jurisdiction was lacking when the original complaint

---

[26] *Id.* (citing *United States v. Orleans*, 425 U.S. 807, 813 (1976)).

[27] *Id.* at 4–5 (citing 28 U.S.C. § 1346(b)).

[28] *Id.* at 5 (citing 28 U.S.C. § 2401(b), 2675(a)).

[29] *Id.* (citing 28 U.S.C. § 2675(a)).

[30] *Id.* at 2, 5; *See* Rec. Docs. 1, 8-4.

[31] *Id.*

[32] *Id.* at 6.

was first filed."[33] The United States claims that "[a]n amended complaint filed after an administrative agency exhaustion cannot cure a defect in subject matter jurisdiction that existed when the case was first filed."[34] Therefore, the United States argues that if Plaintiff receives denial of her administrative claim from the DVA, she must proceed against the United States through a new lawsuit rather than by amending the current lawsuit.[35]

### *B. Plaintiff's Arguments in Opposition to the Motion to Dismiss*

The motion was set for submission on July 31, 2019, with opposition to the motion due by July 23, 2019.[36] As noted previously, no opposition, timely or otherwise, has been filed.

### III.  Legal Standard

### *A.     12(b)(1) Motion to Dismiss*

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by the Constitution and statute."[37] Thus, under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[38] In ruling on a Rule 12(b)(1) motion to dismiss, a court may rely on: (1) the complaint alone, presuming the allegations to be true; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts and the court's resolution

---

[33] *Id.* (quoting *Schexnayder v. St. Charles Parish*, 2012 WL 1357784, *2 n.2 (E.D. La. 4/19/12) (Lemmon, J.) (internal quotation marks omitted)).

[34] *Id.* (quoting *Schexnayder*, 2012 WL 1357784, *2 n.2).

[35] *Id.*

[36] Rec. Doc. 8.

[37] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).

[38] *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1000 (5th Cir. 1998) (internal citation omitted).

of disputed facts.[39] The plaintiff, as the party asserting jurisdiction, has the burden of proving subject matter jurisdiction by a preponderance of the evidence.[40]

### B.     *The Federal Tort Claims Act*

The United States Supreme Court has held that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."[41] To clearly waive the Federal Government's sovereign immunity, the waiver "must be unequivocally expressed in statutory text."[42] "Consequently, no suit may be maintained against the United States unless the suit is brought in exact compliance with the terms of a statute under which the sovereign has consented to be sued."[43] "Where the United States has not consented to suit or the plaintiff has not met the terms of the statute, the court lacks jurisdiction and the action must be dismissed."[44]

Before a plaintiff may bring an action under the FTCA, she must first comply with the administrative claim requirement, which is a prerequisite to filing a claim under the FTCA.[45] As set forth in 28 U.S.C. § 2675(a):

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

---

[39] *Den Norske Stats Ojeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001). *See also Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

[40] *See Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (internal citations omitted).

[41] *Hercules, Inc. v. United States*, 516 U.S. 416, 422 (1996) (internal quotation marks and alterations omitted).

[42] *Lane v. Pena*, 518 U.S. 187, 192 (1996).

[43] *Koehler v. United States*, 153 F.3d 263, 266 (5th Cir. 1998) (internal citations omitted).

[44] *Id.*

[45] 28 U.S.C. § 2675(a).

> The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

Subject matter jurisdiction over claims brought under the FTCA "is conditioned on compliance with 28 U.S.C. § 2675(a)," and this jurisdictional requirement may not be waived.[46]

### IV. Analysis

In the instant motion, the United States seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.[47] First, the United States argues that the United States is the only proper party in this case and that claims against other Defendants should be dismissed.[48] Second, the United States argues that Plaintiff's claims against the United States should be dismissed because Plaintiff failed to exhaust her administrative remedies before filing the present lawsuit.[49] As noted previously, Plaintiff did not file an opposition to the instant motion.

First, the United States argues that the claims against Wilson and the DVA[50] should be dismissed, the United States being the only proper defendant for Plaintiff's claims.[51] Section 6 of the Federal Employees Liability Reform and Tort Compensation Act provides that upon certification by the Attorney General, where a federal employee was acting within the scope of his or her employment at the time of the incident out of which a state-law claim arises, any action arising out of the incident shall be deemed an action against the United States, and the United

---

[46] *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995), on reh'g in part, 81 F.3d 520 (5th Cir. 1996).

[47] Rec. Doc. 8-1 at 1.

[48] *Id.* at 3.

[49] *Id.* at 4–5.

[50] The United States does not explicitly mention the GSA in this section of its briefing, but the Court finds that the arguments presented by the United States and the corresponding law applies to all government agencies, including the GSA.

[51] *Id.* at 3.

States shall be substituted as sole defendant with respect to those claims.[52] Here, the United States has presented evidence that Mansfield, acting under the authority of the Attorney General, certified that Wilson was acting within the course and scope of his federal employment when he was involved in the accident with Plaintiff.[53] Accordingly, Plaintiff's claims properly lie against the United States, not Wilson. Therefore, the Court dismisses Plaintiff's claims against Wilson with prejudice.

Similarly, the United States argues that Plaintiff's claims against the DVA[54] should be dismissed because the only appropriate defendant for claims under the FTCA is the United States, not a federal agency.[55] The Fifth Circuit has held that "[i]t is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit."[56] The Fifth Circuit has further held that "[t]o sue successfully under the FTCA, a plaintiff must name the United States as the sole defendant."[57] In this case, both the DVA and the GSA are federal agencies. Accordingly, the Court dismisses Plaintiff's claims against the DVA and the GSA with prejudice because Plaintiff's claims are only properly brought against the United States.

Second, the United States argues that Plaintiff's remaining claims against the United States should be dismissed because Plaintiff failed to exhaust her administrative remedies before filing the present lawsuit.[58] The United States enjoys sovereign immunity and may not be sued except

---

[52] 28 U.S.C. § 2679(d)(1), (2).

[53] Rec. Doc. 8-6.

[54] The United States does not explicitly mention the GSA in this section of its briefing, but the Court finds that the arguments presented by the United States and the corresponding law applies to all government agencies.

[55] Rec. Doc. 8-1 at 3.

[56] *Galvin v. Occupational Safety & Health Administration*, 860 F.2d 181, 183 (5th Cir. 1988).

[57] *McGuire v. Turnbo*, 137 F.3d 321, 324 (5th Cir. 1998).

[58] Rec. Doc. 8-1 at 4–5.

as it consents to be sued, as defined by statute.[59] The United States consents to be sued in state-law tort cases under the FTCA.[60] However, to bring an action under the FTCA, a plaintiff must first comply with the administrative claim requirement, which requires a plaintiff to exhaust her administrative remedies prior to filing suit.[61] By the terms of the FTCA, a plaintiff cannot proceed with an action under the FTCA until the federal agency denies her claim, or the agency fails to make final disposition of the claim within six months after it is filed.[62]

Here, the United States argues that Plaintiff failed to exhaust her administrative remedies because the DVA did not deny her claim at the time of the filing of this action, and she filed this action less than six months after filing her claim with the DVA.[63] Plaintiff filed the instant lawsuit on January 30, 2019.[64] The United States presents a declaration of the Deputy Chief Counsel for the National Torts Law Group of the DVA dated May 15, 2019, which states that Plaintiff filed her claim with the DVA on January 28, 2019, and the claim was still under investigation by the DVA as of May 15, 2019.[65] The United States also presents a declaration from a representative for the National Torts Claim Center of the GSA, which states that Plaintiff has not filed any administrative tort claims with that agency.[66] Accordingly, Plaintiff has failed to comply with 28 U.S.C. § 2675(a) and has not identified any other applicable waiver of sovereign immunity. Thus,

---

[59] *Hercules, Inc. v. United States*, 516 U.S. 416, 422 (1996).

[60] 28 U.S.C. § 2675(a).

[61] 28 U.S.C. §§ 2401(b), 2675(a).

[62] *Id.*

[63] Rec. Doc. 8-1 at 4.

[64] Rec. Doc. 1.

[65] Rec. Doc. 8-3.

[66] Rec. Doc. 8-5.

the Court dismisses Plaintiff's claims against the United States for lack of subject matter jurisdiction without prejudice.

The United States also argues that after Plaintiff has exhausted her administrative remedies, she must file a new lawsuit against the United States, rather than amending the current lawsuit.[67] Courts in this district have previously held that "[a]n amended complaint filed after administrative agency exhaustion cannot cure a defect in subject matter jurisdiction that existed when the case was first filed, even if the federal defendant was named in the original premature complaint."[68] However, this issue is not properly before the Court, thus the Court declines to rule on this issue at this time, as Plaintiff has not moved to amend her lawsuit or respond to the instant motion to dismiss in any way.

### V. Conclusion

For the reasons stated above, the Court lacks subject matter jurisdiction over Plaintiff's claims and dismisses these claims. First, the Court dismisses Plaintiff's claims against Wilson, the DVA, and the GSA with prejudice because its claims against a federal employee acting in his official capacity are only properly brought against the United States. Second, the Court dismisses Plaintiff's claims against the United States without prejudice as Plaintiff has not properly exhausted her administrative remedies.

Accordingly,

---

[67] Rec. Doc. 8-1 at 6.

[68] *Schexnayder v. St. Charles Parish*, 2012 WL 1357784 *2 n.2 (E.D.La. April 19, 2012).

**IT IS HEREBY ORDERED** that Defendants' Rule 12(b)(1) Motion to Dismiss[69] is **GRANTED**. Plaintiff's claims against Defendants Wilson, the DVA, and the GSA are **DISMISSED WITH PREJUDICE**. Plaintiff's claims against the United States are **DISMISSED WITHOUT PREJUDICE.**

**NEW ORLEANS, LOUISIANA,** this 19th day of August, 2019.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT JUDGE**

---

[69] Rec. Doc. 8.